UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-mj-94 (DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER OF DETENTION |
| | ) |
| ANTHONY JAMES KAZMIERCZAK, | ) |
| | ) |
| Defendant. | ) |

This matter came before the Court on February 3, 2026, for a preliminary and detention hearing. (ECF 9) The defendant, Anthony James Kazmierczak, appeared in custody and was represented by his appointed counsel, John Fossum, Esq. The United States was represented by Assistant United States Attorney Benjamin Bejar. The United States moved for detention at Mr. Kazmierczak's initial appearance on January 29, 2026, where he was advised of his constitutional rights and afforded opportunity to consult with his appointed counsel. (ECF 5) *See* Fed. R. Crim. P. 5(d).

After consideration of the pretrial services report, the arguments of counsel, the evidence adduced, the record before the Court, the very serious nature of the current charge, and the factors listed in 18 U.S.C. § 3142(g), the Court finds probable cause to support the charge in the criminal Complaint, (ECF 1), and orders the defendant bound over for further proceedings by a United States Grand Jury. (ECF 9) *See* Fed. R. Crim. P. 5.1(e). The Court further finds detention is warranted in this case because clear and convincing evidence shows that no condition or

combination of conditions of release will reasonably assure the safety of the community, should Mr. Kazmierczak be released pending trial. Accordingly, the Court grants the United States' motion for detention.

## FINDINGS OF FACT

1. Mr. Kazmierczak is presently charged in a one-count criminal Complaint, filed on January 28, 2026, with forcibly assaulting, opposing, impeding, intimidating, and interfering with a United States Representative (Rep. Ilhan Omar) in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1), which carries a statutory maximum of 8 years' imprisonment. (ECF 1)

2. At the present hearing, after consulting with counsel and a colloquy with the Court, Mr. Kazmierczak knowingly and voluntarily waived his right to a preliminary hearing on the issue of probable cause to support the charge in the Complaint.

3. The United States offered, and the Court admitted without objection, five exhibits consisting of: a photograph of the syringe containing liquid allegedly used by Mr. Kazmierczak during the alleged assault (GE 1); two photographs of the stained jacket of Rep. Omar (GE 2, 3); Minnesota Health Department Test Results on the syringe liquid (GE 4); and a copy of the Complaint filed in Hennepin County District Court, charging Mr. Kazmierczak with felony terroristic threats and misdemeanor fifth-degree assault arising from the same incident (GE 5). (ECF 9) The Hennepin County complaint warrant preliminarily set bail at $100,000. (GE 5)

4. The government moved for detention based on danger to the community, arguing that the assault of Rep. Omar was particularly serious given that the liquid allegedly sprayed by Mr. Kazmierczak made physical contact with Rep. Omar, the totality of the circumstances alleged in the Complaint, and the recent spate of political violence in the district and across the country. The government also emphasized that the alleged assault occurred during an official Town Hall meeting. The defense argued primarily that the liquid was generally harmless and sought release to a halfway house with conditions.

5. The Pretrial Services Report addendum recommended detention, primarily based on the Hennepin County pending bond.

## CONCLUSIONS OF LAW

Based upon the foregoing, the Court makes the following conclusions of law:

1. Given Mr. Kazmierczak's knowing and voluntary waiver, the Court finds probable cause to believe that Mr. Kazmierczak committed the offense alleged in the Complaint and orders Mr. Kazmierczak bound over for further proceedings by a United States Grand Jury. *See* Fed. R. Crim. P. 5.1(e).

2. The allegations in the Complaint set out exceedingly serious and dangerous circumstances of the alleged assault of Rep. Omar at an official Town Hall proceeding. After consideration of the pretrial services report, the arguments of counsel, the evidence adduced, the entire record before the Court, the very serious nature of the current charge, and the factors listed in 18 U.S.C. § 3142(g), clear and convincing evidence shows that no condition or combination of conditions of release

will reasonably assure the safety of Rep. Omar or the community, should Mr. Kazmierczak be released pending trial.   *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention).

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.   The motion of the United States for detention is **GRANTED**;

2.   Mr. Kazmierczak is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.   Mr. Kazmierczak shall be afforded reasonable opportunity to consult privately with counsel; and

4.   Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Kazmierczak is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated:   February 23, 2026            *s/David T. Schultz*
                                      DAVID T. SCHULTZ
                                      UNITED STATES MAGISTRATE JUDGE
                                      DISTRICT OF MINNESOTA